FILED
2009 Apr-15 PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| ANNIE MILES, | } | |
| Plaintiff, | } } } | |
| vs. | } } | CASE NO.: |
| FRANKLIN COLLECTION SERVICE, INC., *et al.*, | } } } } | |
| Defendants. | } | |

## COMPLAINT

COMES NOW the Plaintiff, ANNIE MILES, in the above captioned action by and through the undersigned and hereby complains as follows:

### *Parties*

1. The Plaintiff, Annie Miles ("Ms. Miles"), is an adult resident of the State of Alabama, living in Tuscaloosa County, Alabama.

2. Ms. Miles is a natural person.

3. Defendant Franklin Collection Service, Inc. ("Franklin Collections") is a Mississippi corporation engaged in the business of collecting debts in this state, with its principal place of business located in Tupelo, Mississippi.

4. Upon information and/or belief, a principal purpose of Franklin Collections is the

collection of debts.

5. Franklin Collections regularly attempts to collect debts alleged to be due to another.

6. At all times relevant hereto, Franklin Collections conveyed information to Ms. Miles that she was obligated and/or allegedly obligated to pay a debt, regarding a debt and/or an alleged debt.

7. At all times relevant hereto, Franklin Collections was regularly engaged for profit in the collection of debts allegedly owed by consumers and/or Franklin Collections regularly collected and/or attempted to collect debts, directly and/or indirectly, owed or due and/or asserted to be owed and/or due to another using the instrumentalities of interstate commerce and/or the United States mail.

## *Jurisdiction*

8. Jurisdiction is founded and based on federal question jurisdiction, 28 U.S.C. § 1331.

9. This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA").

## COUNT I

### *Inconvenient Hours*

10. The FDCPA prohibits any communication with a consumer in connection with the

collection of any debt at any unusual time and/or place, or a time and/or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock in the morning and before 9 o'clock at night, local time at the consumer's location, 15 U.S.C. § 1692(c)(a)(1).

11. Since March 2008, Franklin Collections has been calling Ms. Miles on Saturdays and Sundays.

12. Some of the calls since March 2008 by Franklin Collections to Ms. Miles were after 9 o'clock at night.

## *Repetitive Calls*

13. The FDCPA prohibits any conduct which the natural consequence of is to harass, oppress and/or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d.

14. Since March 2008, Franklin Collections has been calling Ms. Miles' home phone once per week.

15. For the month of January 2009, Franklin Collections called Ms. Miles' cell phone two times per day, 7 days per week.

16. The volume of calls harassed and/or oppressed and/or abused Ms. Miles.

## *Upsetting a Child*

17. The FDCPA prohibits any conduct which the natural consequence of is to harass, oppress and/or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d.

18. During the past year of 2008, Franklin Collections asked Ms. Miles' 11-year-old mentally challenged granddaughter, J.M. (a minor), if Ms. Miles was working. It is upon the belief of the Plaintiff that Franklin Collections told J.M. that Ms. Miles "better get a job" and that Ms. Miles was "in trouble." As per the Plaintiff, J.M. will repeat what she hears over and over when she is upset and/or harassed, either by telephonic communication or otherwise.

19. The nature of the comments harassed and/or oppressed and/or abused J.M.

### *Threats of Jail and Property Seizure*

20. The FDCPA prohibits a debt collector from making a false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, 15 U.S.C. §1692(e)(4).

21. During the past year of 2008, Franklin Collections threatened to take Ms. Miles to jail.

22. Franklin Collections never took Ms. Miles to jail, and never intended to do so.

23. During the past year of 2008, Franklin Collections threatened at least once to take Ms. Miles' house.

24. Franklin Collections never took Ms. Miles' house, and never intended to do so.

### *"In Trouble"*

25. The FDCPA prohibits a debt collector from making a false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer, 15 U.S.C. §1692(e)(6).

26. During the past year of 2008, Franklin Collections told J.M. that Ms. Miles was "in trouble."

27. This comment disgraced the consumer, Ms. Miles.

### *Non-Mortgage Debt*

28. The FDCPA prohibits a debt collector from taking or threatening to take any non-judicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest, 15 U.S.C. §1692f(6)(a).

29. During the past year of 2008, Franklin Collections threatened to take Ms. Miles' house for a non-mortgage debt.

30. The FDCPA prohibits a debt collector from taking or threatening to take any non-judicial action to effect dispossession or disablement of property if there is no present intention to take possession of the property, 15 U.S.C. §1692f(6)(b).

31. During the past year of 2008, Franklin Collections threatened at least once to take

Ms. Miles' house.

32. Franklin Collections never took Ms. Miles' house, and never intended to do so.

## *Undisclosed Fees*

33. The FDCPA prohibits the collection of any amount (including any interest, fee, charge, and/or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f.

34. Ms. Miles' agreement creating the debt at issue did not expressly state such an amount.

35. Franklin Collections attempted to collect an amount prohibited under 15 U.S.C. § 1692f.

## *Third Party Communication*

36. The FDCPA prohibits the communication, in connection with the collection of any debt, with any person other than the consumer, 15 U.S.C. 1692(c)(6).

37. During the past year of 2008, Franklin Collections talked to J.M. about Ms. Miles' debt.

38. Ms. Miles has been injured as a proximate result of Defendant Franklin Collections' conduct.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against Defendant(s), separately and/or severally, for:

(a) actual damages pursuant to 15 U.S.C. § 1692k;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) reasonable attorney's fees and/or costs pursuant to 15 U.S.C. § 1692k;

(d) punitive damages;

(e) such other and further relief as may be just and/or proper.

***Plaintiff Demands a Jury Struck and Sworn***

Done this 10th day of April, 2009.

Respectfully submitted,

Brandon L. Blankenship
BLA 116  (ASB - 6436 - N77B)
Blankenship Harrelson, L.L.C.
2001 Park Place North, Suite 825
Birmingham, AL  35203-2774
(205) 912-8241
Facsimile:  (205) 912-8253
Email:  brandon@bhwlegal.com

M11514