UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| ANNIE MILES, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 7:09-CV-00714-LSC |
| | ] | |
| FRANKLIN COLLECTION SERVICE, | ] | |
| INC., et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration a motion for summary judgment, filed by Franklin Collection Services, Inc. ("Franklin") on March 1, 2010, seeking to dismiss the remaining claims for violations of the Fair Debt Collections Practices Act ("FDCPA"), invasion of privacy, and false light.  (Doc. 47.) Annie Miles ("Plaintiff" or "Miles") filed her Complaint in this Court on April 14, 2009 (Doc. 1), alleging that Franklin violated the FDCPA by attempting to collect a debt at an inconvenient time (15 U.S.C. § 1692c(a)(1)); by communicating with a person other than the consumer, specifically Plaintiff's granddaughter (15 U.S.C. § 1692c(b)); by attempting to collect a debt

through harassing, oppressing, or abusive conduct (15 U.S.C. § 1692d); by using false, deceptive, or misleading representation in connection with the collection of a debt (15 U.S.C. § 1692e); and threatening to take Miles's house for a non-mortgage debt (15 U.S.C. § 1692f). Plaintiff has also alleged state-law claims of invasion of privacy and placing Miles in a false light. The issues raised in the motion for summary judgment have been briefed by the parties and are now ripe for decision. Upon full consideration of the legal arguments and evidence presented, Defendant's motion will be GRANTED in part and DENIED in part.

II.    Facts.[1]

Miles is an adult consumer as defined by the FDCPA. Miles's granddaughter, J.M., currently resides with her. In 2008, Miles owed overdue debts to DCH Regional Hospital, Toheed Kamal, M.D., University Orthopedic Clinic, and AT&T. These debts were placed with Franklin for collection.

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

Miles alleges that Franklin began calling her in March 2008, while Franklin contends that the calls did not begin until October of that year. Miles alleges that Franklin called her multiple times a day, several days a week. Miles further alleges that Franklin spoke with J.M., her minor granddaughter, telling her that Miles was in trouble and would lose her house. Miles also alleges that Franklin threatened to foreclose on her home. Franklin disputes all of these allegations, pointing to what it claims are recordings of every conversation with Miles, none of which show the alleged conversations took place.

III.   Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp.*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

"[A]t the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine

whether there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). However, judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such character that it would warrant the jury finding a verdict in favor of that party." *Id.* at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). "This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250.

IV.  Analysis.

    A.  § 1692c(b) — Contacting Improper Party.

15 USC § 1692c(b) prohibits communication "in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Miles alleges that Franklin discussed her debt with her minor granddaughter, J.M. (Doc. 5 at 7-8.) In her deposition, Miles states that she was taking a

bath at the time of the telephone call in question, and asked J.M. to answer the phone. (Doc. 49, Ex. 1, Miles Depo. at 117:20-23.) When J.M. brought Miles the telephone, she was crying. *Id.* at 118:2-3. J.M. testified that the man on the phone told her that they would take their grandmother to jail, that Miles's was in trouble, and that they were going to take her house. (Doc. 51, Ex. 7, J.M. Depo. at 9:3-10; 10:10-15; 12:8-13:6; 14:11-19.) After finding J.M. in tears, Miles took the telephone and the individual on the phone identified himself as a collector for Franklin.

Franklin alleges that this conversation could not have occurred. Franklin asserts that it records every telephonic communication. (Doc. 51, Ex. 4, Jordan Depo. at 11:22-25; Ex. 2, McClain Depo. at 8:8-12.) No recordings reflect the conversation testified to by J.M. and Miles. (Doc. 51, Ex. 2, McClain Depo. at 7:23-8:7.) Nevertheless, Franklin's VP of Operations, Sherri McClain, seems to indicate in her deposition that it is possible to delete recordings of telephonic communications. *Id.* at 20:14-22.

In any event, it is clear that there is conflicting evidence on this claim. Plaintiff and her granddaughter have testified that the disputed conversation occurred. Franklin's experts have testified that the lack of recordings proves

Franklin did not speak with J.M.  When faced with this type of conflicting testimony where the credibility of the witnesses is paramount, summary judgment is not appropriate.  *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Summary judgment is DENIED as to the allegation that Franklin attempted to collect Miles's debt by speaking with her granddaughter.

      B.     § 1692d — Harassing, Oppressive, and Abusive Tactics.

15 USC § 1692d prohibits any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  The Eleventh Circuit has indicated that "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985).  Plaintiff has alleged that Franklin engaged in harassment and abuse by making nearly 100 calls over the course of a year, some of which were allegedly threatening and rude, and by communicating with Miles's granddaughter.  As the Court has already noted that there exists a genuine issue of material fact as to whether Franklin did communicate with J.M., the

motion for summary judgment is DENIED as to that aspect of § 1692d claims. The Court will now turn to the number and nature of calls made by Franklin.

Franklin claims that it made a total of fifteen calls to Miles from October 30 to January 5, providing account notes confirming that these were the only calls made to Miles. (Doc. 49, Ex. 5.) Of these, Franklin claims only three of these were answered, with an additional two live communications initiated by Miles. Miles's testimony paints a different picture.

Miles's memory regarding collection calls by Franklin leaves something to be desired. She recalls that the calls began when it was "wet and rainy and cold outside," but can't remember if these calls began in March of 2008 or October 2008. (Doc. 49, Ex. 1, Miles Depo. at 73-74.) Miles can't recall if the calls continued for "two weeks or four weeks or two months or four months." *Id*. at 74:14-16. The calls she does recall, however, conflict with Franklin's evidence.

Miles testified that during the period in which Franklin was making collection calls, she would answer the phone and speak to someone from Franklin "two or three times a week." *Id*. at 86:18-20. She also claimed that Franklin would call up to three times a day. *Id*. at 93-94. Miles described

these calls as "[r]ude. Very rude." *Id.* at 225:8-9. Furthermore, as noted above, Miles has alleged, and J.M. has testified, that Franklin threatened to take her house and put her in jail. (Doc. 51, Ex. 7, J.M. Depo. at 9:3-10; 10:10-15; 12:8-13:6; 14:11-19.) Miles stated that Franklin told her they needed her address, stating, "Because if you have a house, we're going to come take your house." (Doc. 49, Ex. 1, Miles Depo. at 147:6-7.)

As discussed above, the only evidence Miles has provided to support her contention that Franklin called her almost 100 times over the course of a year and threatened her in those calls is her own testimony. The level of credit that should be afforded to that testimony, however, is a question for a jury to determine. Therefore, summary judgment is DENIED as to Plaintiff's § 1692d claims regarding the number and nature of the calls made to Miles.

    C.    § 1692e — False, Deceptive, or Misleading Representations.

15 USC § 1692e prohibits the "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." As noted above, Miles has provided testimony by her granddaughter that Franklin threatened to take Miles's house and put her in jail. (Doc. 51, Ex.

7, J.M. Depo. at 9:3-10; 10:10-15; 12:8-13:6; 14:11-19.) Once again, Franklin responds that there are no recordings that indicate any such threats were made. Nevertheless, this factual dispute is for a jury to untangle. Summary judgment is DENIED as to 15 USC § 1692e.

   D.   § 1692f — Non-Mortgage Debts.

15 USC § 1692f(6)(a) prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" for a debt that is not related to that property. Once again, Miles has testified that Franklin told her "we're going to come take your house." (Doc. 49, Ex. 1, Miles Depo. at 147:6-7.) Franklin has produced evidence that no such comments were made, but as stated above, summary judgment is not appropriate given this factual dispute. Summary judgment is DENIED as to 15 USC § 1692f.[2]

   E.   State Law Claims.

In addition to her FDCPA claims, Miles has also made state law claims against Franklin for invasion of privacy and false light. In her response to

---

[2] Miles has voluntarily abandoned claims under 15 USC § 1692c(a)(1). Summary judgment is therefore GRANTED as to those claims.

summary judgment, Miles has abandoned the false light claim. Therefore, summary judgment is GRANTED as to that claim.

Turning to the invasion of privacy claim, Miles argues that Franklin's repeated efforts to collect her debt, along with the methods they used to collect those debts, constituted intrusion upon seclusion. The Alabama Supreme Court has characterized this tort as "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Jacksonville State Bank v. Barnwell*, 481 So. 2d 863, 865 (Ala. 1985) (citations omitted). While a debtor of course has the right to pursue and collect a debt, the actions the creditor takes must not "exceed the bounds of reasonableness." *Id*. at 866. In *Barnwell,* the defendant was accused of placing thirty-five phone calls to the debtor's home and place of business, using threatening, coarse, and malicious language, and, most importantly according to the court, fraudulently altering the terms of a security instrument. *Id*. at 866. In the present matter, Franklin is accused of excessive calling, using threats and intimidation, and speaking with Miles's granddaughter as part of its strategy to collect the debt in question. As

noted above, while there may be a factual question as to whether any of these allegations are true, that determination is for a jury to decide after hearing the evidence presented. This is not a matter where summary judgment is appropriate. Therefore, as to the invasion of privacy claim, Franklin's motion for summary judgment is DENIED.

V.   Conclusion.

For the reasons stated above, Defendant's Motion for Summary Judgment is due to be GRANTED in part and DENIED in part. A separate order in conformity with this opinion will be entered.

Done this 25th day of June 2010.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671